**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**NETTIE JONES**                                                                                    **PLAINTIFF**

**VS.**                                                               **CIVIL ACTION NO. 3:05CV165LN**

**USABLE LIFE**                                                                        **DEFENDANT**

## ORDER

This matter is before the court on two motions filed by the Defendant in this matter, which are predicated on the Plaintiff's being permitted to amend her Complaint. The amendment was allowed after she filed two Motions to Amend her Complaint, both electronically. In the first filing, the attorney's signature and an attachment were both omitted. A docket annotation made at that time by a Deputy Clerk of this court stated, "attorney to refile." The Motion was filed again a few weeks later; however, in this submission, the Amended Complaint appears before the Motion to Amend. Another docket annotation to that effect was made by the Deputy Clerk, stating, again, "attorney to refile." Plaintiff's counsel never submitted another Motion, and the Defendant never responded to the Motion to Amend. After an appropriate time had passed, the court entered a "Text Only" Order granting the Motion to Amend as unopposed. The Plaintiff has filed her Amended Complaint.

That Order provoked the Defendant's Motion for Reconsideration and Motion to Strike Amended Complaint. Procedurally, the Defendant objects to the court's Order because it reasonably believed that it had no duty to respond to the Motion to Amend until it was properly filed, because the original Motion was filed one day after the deadline set in the Case Management Plan Order, and because the proposed Amended Complaint attached to the second Motion was incorrectly captioned

as filed in state court. (The Amended Complaint actually filed is correctly captioned.) The Defendant also argues that the amendment would be futile on substantive grounds.

The undersigned has held on numerous occasions that he does not have the authority to reject a motion to amend on substantive grounds, as doing so would have the effect of disposing of claims. Therefore, this decision must rest solely on the procedural issues raised by the Defendant. The court understands the Defendant's confusion over whether to respond to a pleading when the attorney filing it has been instructed to re-submit the pleading. However, the obligation to respond to a pleading is predicated on **service**, not **filing**. *See*, Fed. R. Civ. P. 6(d), 6(e), 12(a); Unif. Local R. 7.2(D), 7.2(I). Because the first Motion was not signed, it was improper *ab initio*, and the Defendant was not obligated to respond. Fed. R. Civ. P. 7(b)(3), 11(a). However, the second Motion, while suffering from serious clerical errors, was a pleading to which a response should have been made.

That being said, however, in light of the ambiguity created by the second docket annotation, the court will amend the "Text Only" Order indicating that the Motion was unopposed, as it cannot seriously fault the Defendant for waiting for Plaintiff's counsel to do that which was requested by the Deputy Clerk. In reconsidering the amendment in light of the Defendant's opposition, however, the court finds that, even had that opposition been submitted earlier, the amendment would have been permitted. Filing the Motion to Amend one day after the expiration of the deadline is not so serious a defalcation as to merit rejection of the amendment. Further, the clerical error in the caption was also a matter that could have (and was) easily corrected.[1] Therefore, the Amended Complaint

---

[1] The Defendant has also contributed to the confusion in the docket by entering each of its Motions twice; thus, the Motion for Reconsideration and Response in Opposition to Plaintiff's Motion to Amend Complaint was entered as two separate pleadings – a Motion for Reconsideration and Response. Similarly, the Motion to Strike Plaintiff's Amended Complaint or for Additional Time to Respond to Amended Complaint was entered as a Motion to Strike and a Motion for

will be permitted to stand, and the Defendant shall be given additional time within which to respond to it. That being said, however, Plaintiff's counsel would do well to more carefully proofread her submissions to this court, in light of the numerous errors made in this case.

IT IS, THEREFORE, ORDERED as follows:

1. The Defendant's Motion for Reconsideration is hereby **granted** insofar as the "Text Only" Order of October 26, 2005, is amended to reflect that it was opposed by the Defendant, but **denied** in all other respects.

2. The Motion to Strike Amended Complaint or for Additional Time to Respond to Amended Complaint is hereby **denied** insofar as it request the court to strike the Amended Complaint, but **granted** to the extent that the Defendant shall respond to the Plaintiff's Amended Complaint on or before November 28, 2005.

IT IS SO ORDERED, this the 16th day of November, 2005.

                                                  S/Alfred G. Nicols, Jr.
                                          UNITED STATES MAGISTRATE JUDGE

---

Additional Time. This caused it to appear that four motions were filed on this issue, when there were only two.